# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1923.

---

FIRM LUMBER CO. *v.* CITY OF HATTIESBURG.

[95 South. 250. No. 23031.]

MUNICIPAL CORPORATIONS. *Rule as to assessment of property where paving commenced prior to statute providing for assessment of abutting owners for cost thereof stated.*

A municipality which commenced to pave its streets prior to the enactment of section 4, chapter 260, Laws of 1912 (Hemingway's Code, section 5944), and to pay therefor with the proceeds of its bonds, cannot, as long as that statute remains in force, assess the cost of street paving thereafter done against the abutting property owners.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Proceedings by the mayor and board of commissioners of the city of Hattiesburg, assessing the cost of street paving against the abutting property owners. From an order approving the assessment, the Firm Lumber Company appeals. Reversed, and judgment for appellant.

*Stevens & Heidelberg,* for appellant.

*D. E. & C. W. Sullivan,* for appellee.

(1)

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment of the court below approving a paving assessment by the mayor and board of commissioners of the city of Hattiesburg on property owned by the appellant.

The mayor and board of commissioners of the city of Hattiesburg, by an ordinance adopted in October, 1920, have paved a street on which certain property of the appellant abuts and have assessed the entire cost thereof against the abutting property owners, except the cost of paving street intersections, from which assessment the appellant appealed to the court below, and from an order there approving the assessment has appealed to this court.

Prior to the enactment of chapter 260, Laws of 1912, the city of Hattiesburg had paved a number of its streets and had paid therefor with the proceeds of the city's bonds issued and sold for that purpose; no local assessment being made on the property owners for any portion thereof. Since the enactment of that statute the city has paved several of its streets; the cost thereof, except street intersections, being assessed against the abutting property owners.

The contention of the appellant here is that under section 4, chapter 260, Laws of 1912, the city must continue to pay for paving its streets in the same manner that it was so doing prior to the enactment of that statute, and that consequently it is without power to assess the cost of the paving here in question against the appellant, which contention must prevail, as it was so ruled in *City of Jackson* v. *Doxey*, 128 Miss. 618, 91 So. 348.

*Reversed, and judgment here for appellant.*